JULIA ELENA CRUZ FUENTES, Appellant, *v.* REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1233. Submitted December 1, 1948.—Decided January 31, 1949.

*Faustino R. Aponte* for appellant.    The Registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The appellant, eighteen years of age, and duly emancipated by her father, purchased a property from Jorge Hernández Rivera, in Humacao.   In the second clause of the deed the following is stated:

"In view of the mortgage liens on the property this sale is made for the agreed and stipulated price of FIVE HUNDRED DOLLARS, which amount the vendor admits having received from the purchaser prior to this act to his satisfaction, for which sum he gives the most effective receipt, and I declare that I gave them the legal warnings."

It also appears from said deed that the property is encumbered by mortgage liens in favor of the bearer or the holder of several notes.

Upon presenting the deed in the registry of property the registrar refused to record it.   His note in support of his refusal, in its pertinent part, says "because the emancipated minor, Julia Elena Cruz Fuentes, acquired the urban property mentioned in this document while the same was mortgaged in

favor of the bearer or bearers of promissory notes and in favor of the holder of promissory notes, without the father of said emancipated minor having consented to the transaction, thus violating the provisions of § 237 of the Civil Code (1930 ed.), and a cautionary notice is entered instead for the statutory period of 120 days in favor of the purchaser."

Section 237 invoked by the respondent in support of his note provides as follows:

"Emancipation capacitates the minor to govern his property and person as if he were of age; but until he attains his majority the said emancipated person cannot make any promise or contract any obligation exceeding in value the amount of his income for one year. Neither can he encumber or sell his real property, without the consent of his father, or in default thereof, that of his mother, and in the proper case, that of his tutor. Neither may he appear in a suit without the appearance of said persons."

The registrar maintains that according to the second clause of the deed, *supra*, "the stipulated price of Five Hundred dollars 'in view of the liens' binds her to pay the remaining part represented by the amount of the mortgages and proves that those Five Hundred dollars are only part of the purchase price which would be greater if the liens had not existed and, therefore, the purchaser is liable under the law."

We do not agree. Neither the second clause nor the other stipulations of the deed bound the appellant to the payment of the mortgages on the property. The Five Hundred dollars were not part of the purchase price but the only price. The property is still encumbered by the mortgages and she purchased it so encumbered for the amount of Five Hundred dollars. If the mortgages are not duly paid, the property itself is liable, but not the appellant with her other property. She did not make any promise or assume any obligation nor did she mortgage any of her personal or real property. Section 237 of the Civil Code is plainly inapplicable.

500

■ In *Trueba et al* v. *Rosales & Co. et al*, 33 P.R.R. 986, we held that "when the purchaser or innocent possessor of a mortgaged property does not assume the payment of the mortgage, for which he is liable only because of the mere acquisition of the property, his liability extends only to the amount of the proceeds of the sale in execution of the judgment, and no part of the amount of the mortgage which may not be covered can be collected out of his own property."

The same doctrine is applicable to the case at bar.

The Registrar's note should be reversed and the registration ordered.